IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40440
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

MARLON LEKEITH WILLIAMS,

                                        Defendant-Appellant.
_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 6:95-CR-36-42
_____

March 14, 1997
Before GARWOOD, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Marlon Lekeith Williams appeals his sentence for conspiracy to
manufacture, possession with intent to distribute, and distribution
of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  He
argues that the government failed to prove that the cocaine base
was "crack" rather than another form of cocaine base, that the
district   court   erred   in   calculating   the   amount   of   drugs

_____

     [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

attributable to him, and that the district court miscalculated his criminal history category.

The Presentence Investigation Report ("PSR") attributed 50.64 grams of cocaine base to Williams. Williams objected to the amount of drugs attributable to him but apparently offered no evidence in support of his assertion that the stated amount was unwarranted in the light of the evidence. See United States v. Alfaro, 919 F.2d 962, 966 (5th Cir. 1990) (holding that "unsworn assertions do not bear 'sufficient indicia of reliability to support [their] probable accuracy,' and, therefore, should not generally be considered by the trial court in making its factual findings" under sentencing guidelines but that "presentence report[s] generally bear[] sufficient indicia of reliability" for that purpose). Williams again asserts, before this court, that the PSR attributed to him excessive quantities of cocaine base. Williams, however, fails to point to any probative evidence demonstrating that the district court clearly erred in adopting the PSR recommendation. Instead, he merely asserts that the testimony of his co-conspirator, who attributed approximately fifteen of the fifty plus grams of cocaine base to him, was uncorroborated and unreliable. On this basis, we cannot say that the decision of the trial court to adopt the PSR was clearly erroneous. See Alfaro, 919 F.2d at 965-66; see also

United States v. Sherbak, 950 F.2d 1095, 1099-1100 (5th Cir. 1992) (holding "when a defendant objects to his PSR but offers no rebuttal evidence to refute the facts, the district court is free to adopt the facts in the PSR without further inquiry"). Furthermore, Williams pleaded guilty to an offense that he acknowledged carried a statutory mandatory minimum sentence of ten years. He does not contest the validity of that plea and cannot therefore contest the mandatory sentence imposed.

Williams pleaded guilty to conspiracy to possess and distribute cocaine base in violation of 21 U.S.C. § 846. He did not object at the district court to the classification of the substance involved as cocaine base. On appeal, however, Williams argues that his sentence was erroneously based upon the sentencing guidelines for "crack" cocaine, which he contends do not apply to all forms of cocaine base. Williams, however, was sentenced to the statutory minimum sentence for violations of 21 U.S.C. § 846 involving 50 or more grams of a substance or mixture containing cocaine base. See 21 U.S.C. § 841(b)(1)(A). Thus, the statutory minimum sentence applies to the offense to which Williams pleaded guilty, and the distinction between "crack" cocaine and other cocaine bases is not relevant. See United States v. James, 78 F.3d 851, 858 (3d Cir. 1996).

The trial court sentenced Williams under 21 U.S.C. § 841(b)(1)(A), which requires a mandatory minimum sentence of ten years for violations of § 841(a) or § 846 involving 50 grams or more of a substance or mixture containing cocaine base. Williams received the mandatory minimum sentence for the offense to which he pleaded guilty and thus, any error in the calculation of his criminal history category is harmless. See Williams v. United States, 503 U.S. 193, 203 (1992); Fed. R. Crim. P. 52(a); U.S.S.G. § 5G1.1(b).

A F F I R M E D.